1
2
3
4
5
6
7

**United States District Court**
**For the Northern District of California**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUSSELL DWAYNE RODGERS,

         Plaintiff,

   v.

GREG MONK, San Mateo County Sheriff, et al.,

       Defendants.

_____/

No. C 13-2116 MEJ (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Doc. No. 6

**INTRODUCTION**

    Plaintiff Russell Dwayne Rodgers, an inmate at the San Mateo County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a separate order.  For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

**I. Standard of Review**

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Claims

### A. Procedural Due Process Claim

In his complaint, Plaintiff alleges that he was falsely accused of burping in Officer Johnson's face but that he was denied a copy of the incident report which stated the charges against him.  He claims that an incident report must be given to him twenty-four hours before a disciplinary hearing so that he can prepare for his defense and that a new policy authorizing the withholding of incident reports from inmates violated his due process rights.  He alleges that he was punished by "rhsg." and "solitary."

Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states.  Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  In the prison context, these interests are generally ones pertaining to liberty.  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones,

2

445 U.S. 480, 493 (1980) (transfer to mental hospital), and <u>Washington v. Harper</u>, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)).  A state may not impose such changes without complying with minimum requirements of procedural due process.  <u>Id.</u> at 484.

Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  <u>Id.</u> at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," <u>id.</u> at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," <u>id.</u> at 487.

The fact that a prisoner may have been innocent of disciplinary charges brought against him, however, does not give rise to a constitutional claim.  The Constitution demands due process in prison disciplinary procedures, not error-free decision-making.  <u>Ricker v. Leapley</u>, 25 F.3d 1406, 1410 (8th Cir. 1994); <u>Gorham v. Hedgpeth</u>, 2013 WL 530904, *2 (N.D. Cal. 2013).

Plaintiff does not provide sufficient information to determine whether his punishment constituted an atypical and significant hardship in relation to the ordinary incidents of prison life.  First, he must explain what the initials "rhsg." means and the specifics that it entailed. Second, he must elaborate on his punishment in "solitary."  For instance, he must specify how long he was in solitary, the conditions he experienced in solitary and any other information that would indicate how these conditions were different than his ordinary life in the San Mateo County jail.  Plaintiff is given leave to amend his complaint to remedy these deficiencies.

Plaintiff alleges that Sheriff Munk, Lieutenants Bonifacio and Kankel and Sergeant Justice knew of and condoned the policy to withhold incident reports.  If, in an amended

United States District Court
For the Northern District of California

1   complaint, Plaintiff cures the noted deficiencies so that his claim is cognizable, these

2   allegation are sufficient to state a claim against these individuals.  He alleges that Officers

3   Firkins and Johnson falsely accused him of the burping incident.  However, this is

4   insufficient to state a constitutional claim against them.  See Ricker, 25 F.3d at 1410.  He

5   also alleges that Officers Brooks and O'Valle told him that disallowing the incident report

6   was new policy.  This allegation fails to implicate these Officers in any constitutional

7   violation.  He also alleges that Officers Vasquez and Bleeker "condoned punishment in spite

8   of abuse."  This allegation is not understandable and, thus, is insufficient to state a claim

9   against these Officers.  In an amended complaint, if he truthfully can, Plaintiff may add

10  allegations showing how the actions of these individuals violated his procedural due process

11  rights.

12  **B. Eighth Amendment Claim**

13       Plaintiff briefly alleges that "Sgt. Justice, Lt. Copeland, Lt. Kunkel, and Sheriff Monk

14  denied essentials for good hygiene for months causing rashes."

15       The Constitution does not mandate comfortable prisons, but neither does it permit

16  inhumane ones.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner

17  receives in prison and the conditions under which he is confined are subject to scrutiny under

18  the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993).  For instance, prison

19  officials must provide all prisoners with the basic necessities of life such as food, clothing,

20  shelter, sanitation, medical care and personal safety.  Farmer, 511 U.S. at 832; DeShaney v.

21  Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989).

22       A prison official violates the Eighth Amendment when two requirements are met:

23  (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834

24  (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a

25  sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

26       In determining whether a deprivation of a basic necessity is sufficiently serious to

27  satisfy the objective component of an Eighth Amendment claim, a court must consider the

28  circumstances, nature, and duration of the deprivation.  The more basic the need, the shorter

the time it can be withheld.  See Johnson v. Lewis, 217 F.3d 726, 731-33 (9th Cir. 2000) (Substantial deprivations of shelter, food, drinking water or sanitation for four days sufficiently serious to satisfy the objective component of Eighth Amendment claim).  The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim.  In prison-conditions cases, the necessary state of mind is one of "deliberate indifference."  See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Wilson, 501 U.S. at 302-03 (general conditions of confinement).

Plaintiff does not provide sufficient information to determine whether the "denial of essentials for good hygiene" constituted a deprivation that was objectively, sufficiently serious to warrant Eighth Amendment protection and he provides no information regarding the state of mind of any named Defendant.  First, Plaintiff must explain specifically what he was denied and how long he was denied each item.  Second, he must indicate who denied him any hygiene essential and how that person or persons acted with deliberate indifference to Plaintiff's needs.  Plaintiff must keep in mind that there is no vicarious liability under § 1983. See Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (recognizing that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).

Plaintiff is granted leave to amend his complaint to remedy these deficiencies.

**III. Motion for Appointment of Counsel**

Plaintiff requests that counsel be appointed to assist him in this action.  Generally, a plaintiff has no right to counsel in civil actions.  A court may appoint counsel only under exceptional circumstances under 28 U.S.C. § 1915(e)(1).  Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved."  Id.  Neither of these factors is dispositive and both must be viewed together before deciding a request for counsel under § 1915(e)(1).  Here, exceptional

1   circumstances requiring the appointment of counsel are not evident.  The request for

2   appointment of counsel is DENIED.  (Docket No. 6)

3   **CONCLUSION**

4   1.      Plaintiff's complaint is DISMISSED with leave to amend.

5   2.      If Plaintiff can cure the pleading deficiencies described above, he shall file an

6   AMENDED COMPLAINT within **twenty-eight days** from the date this order is filed.  The

7   amended complaint must include the caption and civil case number used in this order (C 13-

8   2116 MEJ (PR)) and the words AMENDED COMPLAINT on the first page.  The amended

9   complaint must indicate which specific, named Defendant(s) was involved in each cause of

10  action, what each Defendant did, what effect this had on Plaintiff and what right Plaintiff

11  alleges was violated.  Plaintiff may not incorporate material from the prior complaint by

12  reference.  Plaintiff may not add any claims to his amended complaint.  **Failure to file an**

13  **amended complaint within twenty-eight days and in accordance with this order will**

14  **result in a finding that further leave to amend would be futile, and this action will be**

15  **dismissed.**

16  3.      The Court assumes that Plaintiff is a convicted inmate.  If Plaintiff was a pre-

17  trial detainee on the date of the incidents of which he complains, he must indicate this in his

18  amended complaint.

19  4.      Plaintiff is advised that an amended complaint supersedes the original

20  complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which

21  are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811,

22  814 (9th Cir. 1981).

23  5.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

24  Court informed of any change of address by filing a separate paper with the Clerk headed

25  "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.

26  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

27  Federal Rule of Civil Procedure 41(b).

28  //

United States District Court
For the Northern District of California

6.      Plaintiff's motion for appointment of counsel is denied.  Doc. No. 6.

        IT IS SO ORDERED.

DATED: June 7, 2013

_____
Maria-Elena James
United States Magistrate Judge

7