UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL DWAYNE RODGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>GREG MUNKS, San Mateo County Sheriff, et al.,<br><br>    Defendants.<br>_____/ | No. C 13-2116 MEJ (pr)<br><br>**ORDER OF PARTIAL SERVICE; DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR CONSOLIDATION**<br><br>Doc. Nos. 11, 12 |

## INTRODUCTION

Plaintiff Russell Dwayne Rodgers filed a pro se civil rights action under 42 U.S.C. § 1983 complaining of conditions at the San Mateo County jail, where he is incarcerated. On June 7, 2012, the Court dismissed the complaint with leave to amend. Doc. no. 8. On June 18, 2013, Plaintiff filed an amended complaint. Doc. no. 10. On June 24, 2013, Plaintiff filed a document entitled, "Objection Requesting Reconsideration of Appointment of Counsel." Doc. no. 11. On June 26, 2013, Plaintiff filed a document entitled, "Affidavit Supporting Request for Appointment of Counsel and Requesting Consolidation of Submitted Cases." Doc. no. 12. These matters are now before the Court for review.

## DISCUSSION

**I. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**II. Claims**

**A. Procedural Due Process Claim**

In his complaint, Plaintiff alleged that he was falsely accused of burping in Officer Johnson's face but that he was denied a copy of the incident report which stated the charges against him. He claimed that an incident report must be given to him twenty-four hours before a disciplinary hearing so that he could prepare for his defense and that a new policy authorizing the withholding of incident reports from inmates violated his due process rights. He alleged that he was punished by "rhsg." and "solitary."

In its Order of Dismissal with Leave to Amend, the Court indicated that Plaintiff's allegations did not provide sufficient information to determine whether his punishment constituted an atypical and significant hardship in relation to the ordinary incidents of prison life that would give rise to due process protections. In his amended complaint, Plaintiff adds the following allegations. After he was found guilty of the charges, Plaintiff was removed

2

1 from the general population to orientation "which housing [sic] inmates in Furgusen's gowns
2 and other unstable and/or undesirable inmates not fit for G.P. They are noisy, screaming,
3 kicking doors apt to fight w/out any inciting, etc. Orientation hsg. only allows 30 min. rec.
4 as opposed to hrs. in G.P. It's nerve racking. held there (on single cell status) a mth. And
5 Plaintiff was placed on C Status (condemned to cell) for a day."

6 Interests that are procedurally protected by the Due Process Clause may arise from
7 two sources – the Due Process Clause itself and laws of the states. Meachum v. Fano, 427
8 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining
9 to liberty. Changes in conditions so severe as to affect the sentence imposed in an
10 unexpected manner implicate the Due Process Clause itself, whether or not they are
11 authorized by state law. Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones,
12 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S.
13 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). A state may not
14 impose such changes without complying with minimum requirements of procedural due
15 process. Id. at 484.

16 Deprivations that are authorized by state law and are less severe or more closely
17 related to the expected terms of confinement may also amount to deprivations of a
18 procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly
19 restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of
20 right to avoid it, and (2) the liberty in question is one of "real substance." Id. at 477-87.
21 Generally, "real substance" will be limited to freedom from (1) a restraint that imposes
22 "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison
23 life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id.
24 at 487.

25 Whether a restraint is "atypical and significant" under Sandin requires a case by case
26 consideration. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Typically, a court
27 should consider the following factors: "1) whether the challenged condition 'mirrored those
28 conditions imposed upon inmates in administrative segregation and protective custody,' and

3

1  thus comported with the prison's discretionary authority; 2) the duration of the condition, and
2  the degree of restraint imposed; and 3) whether the state's action will invariably affect the
3  duration of the prisoner's sentence." Id. at 861.

4        The punishment Plaintiff received as a result of his being found guilty of a
5  disciplinary violation does not constitute the "atypical and significant" hardship that gives
6  rise to due process protection.  Therefore, Plaintiff's due process claim is dismissed.
7  Dismissal is without leave to amend because Plaintiff has been given an opportunity to
8  amend this claim and it appears that further amendment would be futile.

9        **B. Eighth Amendment Claim**

10       In his complaint, Plaintiff alleged that "Sgt. Justice, Lt. Copeland, Lt. Kankel, and
11 Sheriff Monk denied essentials for good hygiene for months causing rashes."  In its Order of
12 Dismissal with Leave to Amend, the Court indicated that Plaintiff did not provide sufficient
13 information to determine whether "the denial of essentials for good hygiene" constituted a
14 deprivation that was objectively sufficiently serious to warrant Eighth Amendment protection
15 and that any Defendant had the requisite state of mind.  The Court directed Plaintiff to
16 explain specifically what he was denied, how long he was denied each item and how the
17 person who was responsible acted with deliberate indifference.

18       In his amended complaint, Plaintiff adds the following allegations.  "Defendants
19 denied Plaintiff basic hygiene supplies for a period of 2 - 3 months, leading to bad health
20 (bleeding gums and rashes, depression) and bad hygiene (bad breath, musty/bad odor) as well
21 as distancing and loss of companions and embarrassment."  Plaintiff was also denied clean
22 laundry.  Plaintiff was informed by officers that "they were depleted of materials." For the
23 entire month of May, Plaintiff did not have a toothbrush, toothpaste and soap.

24       The Constitution does not mandate comfortable prisons, but neither does it permit
25 inhumane ones.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner
26 receives in prison and the conditions under which he is confined are subject to scrutiny under
27 the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993).  For instance, prison
28 officials must provide all prisoners with the basic necessities of life such as food, clothing,

4

1  shelter, sanitation, medical care and personal safety. Farmer, 511 U.S. at 832; DeShaney v.
2  Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989).
3       A prison official violates the Eighth Amendment when two requirements are met:
4  (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834
5  (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a
6  sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).
7       In determining whether a deprivation of a basic necessity is sufficiently serious to
8  satisfy the objective component of an Eighth Amendment claim, a court must consider the
9  circumstances, nature, and duration of the deprivation. The more basic the need, the shorter
10 the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731-33 (9th Cir. 2000)
11 (Substantial deprivations of shelter, food, drinking water or sanitation for four days
12 sufficiently serious to satisfy the objective component of Eighth Amendment claim).
13 Prisoners have the right to personal hygiene supplies such as toothbrushes and soap. Keenan v. Hall,
14 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Martin v. Morris,
15 2012 WL 1229150, *9 (C.D. Cal. March 7, 2012). The requisite state of mind to establish an
16 Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases,
17 the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S. at
18 834 (inmate safety); Wilson, 501 U.S. at 302-03 (general conditions of confinement).
19      Plaintiff's allegations that he was denied soap, toothpaste and clean laundry for
20 several months sufficiently states the objective component of an Eighth Amendment claims.
21      Plaintiff alleges that Sgt. Justice, Lt. Kankel, Lt. Copeland and Sheriff Munks were
22 aware of Plaintiff's lack of hygiene supplies and clean laundry and did nothing to rectify the
23 situation. Construed liberally, this states an Eighth Amendment claim against these
24 Defendants. However, this claim is dismissed against all other named Defendants because
25 Plaintiff does not include any allegations implicating them in this Eighth Amendment
26 deprivation.

**III. Second Motion for Appointment of Counsel**

28      Plaintiff's Objection to the Order Denying Appointment of Counsel is construed as a

second request that counsel be appointed to assist him in this action. Generally, a plaintiff has no right to counsel in civil actions. A court may appoint counsel only under exceptional circumstances under 28 U.S.C. § 1915(e)(1). Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." Id. Although the Court has found that Plaintiff has stated a cognizable Eighth Amendment claim, it is too soon to determine if there is a likelihood that he will succeed on the merits, and the claim itself is not complex. Therefore, exceptional circumstances requiring the appointment of counsel are not evident. The second request for appointment of counsel is DENIED. (Docket No. 11).

**IV. Request for Consolidation**

Plaintiff requests that this case be consolidated with another, unspecified 2012 case which "exposes a similar due process abuse/violation, disallowing any hearings."

Rule 42(a) of the Federal Rules of Civil Procedure permits consolidation of actions "[w]hen actions involving a common question of law or fact are pending before the same court." Fed. R. Civ. P. 42(a). The court has broad discretion to determine whether to consolidate the proceedings in whole or in part.

Plaintiff's due process claim has been dismissed without leave to amend. Therefore, consolidation with a case that also addresses a due process violation is DENIED.

**CONCLUSION**

1. Plaintiff's second request for appointment of counsel is DENIED. Doc. no. 11.

2. Plaintiff's request to consolidate cases is DENIED. Doc. no. 12.

3. Plaintiff's due process claim is DISMISSED without leave to amend.

4. Plaintiff's Eighth Amendment claim based on deprivation of hygiene supplies states a cognizable claim against Sgt. Justice, Lt. Kankel, Lt. Copeland and Sheriff Munks. This claim is dismissed against all other Defendants.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver

of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, the amended complaint and all attachments thereto (docket nos. 1, 10) and a copy of this Order to Sheriff Munks, Lt. Kankel, Lt. Copeland and Sgt. Justice at the San Mateo County Sheriff's Office**.** The Clerk of the Court shall also mail copies of the complaint, amended complaint and this Order to the San Mateo County Counsel's Office. Additionally, the Clerk shall mail a copy of the complaint, amended complaint and this Order to Plaintiff.

      6. In order to expedite the resolution of this case, the Court orders as follows:

         a. No later than **ninety-one (91) days** from the date of this order, Defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

    If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

         b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than **twenty-eight (28) days** after the motion is served and filed.

         c. Plaintiff is advised that a motion for summary judgment under Rule 56

7

of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63 (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in his motion to dismiss. Wyatt, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein. In considering a motion to dismiss for failure to exhaust, the Court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse Defendants' obligation to

8

1 serve said notices again concurrently with motions to dismiss for failure to exhaust available 2 administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

3        d.      Defendants must serve and file a reply to an opposition not more than 4 **fourteen (14) days** after the opposition is served and filed.

5        e.      The motion shall be deemed submitted as of the date the reply is due. 6 No hearing will be held on the motion unless the court so orders at a later date.

7     7.      Discovery may be taken in accordance with the Federal Rules of Civil 8 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local 9 Rule 16 is required before the parties may conduct discovery.

10     8.      All communications by Plaintiff with the Court must be served on Defendants, 11 or Defendants' counsel once counsel has been designated, by mailing a true copy of the 12 document to Defendants or their counsel.

13     9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the 14 Court informed of any change of address by filing a separate paper with the Clerk headed 15 "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. 16 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to 17 Federal Rule of Civil Procedure 41(b).

18     IT IS SO ORDERED.

20 DATED: June 28, 2013

                             Maria-Elena James
                             United States Magistrate Judge