UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL DWAYNE RODGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>GREG MUNKS, San Mateo County Sheriff, et al.,<br><br>    Defendants. | No. C 13-2116 MEJ (pr)<br><br>**ORDER TO SHOW CAUSE RE: CONTEMPLATED DISMISSAL** |

    Plaintiff Russell Dwayne Rodgers filed a pro se civil rights action under 42 U.S.C. § 1983 complaining of conditions at the San Mateo County Jail, where he is incarcerated. Plaintiff also sought leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.

    Per orders filed June 17, 2013 and June 28, 2013, the Court granted plaintiff's application to proceed IFP and ordered the complaint served on defendants Sheriff Munks, Lt. Kankel, Lt. Copeland and Sgt. Justice. It appears, however, that plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g).

    The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which

relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is " 'of little weight or importance: having no basis in law or fact,' " and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.' " Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." See Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has had at least three such actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) Rodgers v. Munks, N.D. Cal. Case No. C 12-5620 CRB (dismissed for failure to state claim): (2) Rodgers v. San Mateo County, N.D. Cal. Case No. C 10-1354 JW (same); and (3) Rodgers v. Griffith, N.D. Cal. Case No. C 07-5997 SBA (same).

In light of these dismissals, and because plaintiff did not appear to be under imminent danger of serious physical injury when he filed the complaint, he is ORDERED TO SHOW CAUSE in writing filed no later than **December 2, 2013,** why his IFP status should not be revoked and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why the action should not be dismissed, plaintiff may avoid

2

dismissal by paying the full $400.00 filing fee by the deadline. <u>Failure to show cause, or pay the requisite $ 400.00 filing fee, within the designated time will result in the revocation of IFP status and the dismissal of this action without prejudice to bringing it in a new paid complaint.</u>

IT IS SO ORDERED.

DATED: November 7, 2013

Maria-Elena James

United States Magistrate Judge