UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL DWAYNE RODGERS,<br><br>    Plaintiff,<br><br>  v.<br><br>GREG MUNKS, San Mateo County Sheriff, et al.,<br><br>    Defendants.<br>_____/ | No. C 13-2116 MEJ (pr)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Doc. No. 35 |

On May 8, 2013, plaintiff Russell Dwayne Rodgers filed this pro se civil rights action under 42 U.S.C. § 1983 complaining of conditions at the San Mateo County Maguire Correctional Facility, where he is incarcerated. Plaintiff has paid the filing fee.

On June 7, 2012, the Court dismissed the complaint with leave to amend. On June 18, 2013, plaintiff filed an amended complaint ("FAC"). On June 28, 2013, the Court issued an Order of Partial Service, finding that plaintiff's due process claim was not cognizable and that his Eighth Amendment claim for the denial of hygiene supplies was cognizable. Specifically, plaintiff alleges that defendants denied him basic hygiene supplies for a period of 2 to 3 months, starting around February 23, 2013. (FAC at 2.) Plaintiff alleges this led to bad health (bleeding gums, rashes, depression) and bad hygiene (bad breath, musty/bad odor) as well as distancing, loss of companions, and embarrassment. (FAC at 2.) Plaintiff alleges that he did not have a toothbrush, toothpaste, or soap for the entire month of May 2013. (FAC at 3.) Plaintiff also alleges that he was denied clean laundry. (FAC at 2.) The Court ordered service of the Eighth Amendment claim on defendants Sheriff Munks, Lt. Kankel, Lt. Copeland, and Sgt. Justice.

1  Now before the Court is defendants' motion to dismiss the complaint for failure to
2  exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a).  Plaintiff has filed an
3  opposition, and defendants have filed a reply.
4  For the reasons discussed below, the Court GRANTS defendants' motion to dismiss.

## DISCUSSION

A.  Legal Standard

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although previously within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The PLRA exhaustion requirement requires "proper exhaustion" of all available administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  Moreover, those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citation omitted).  Even where the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Exhaustion is a prerequisite to all inmate lawsuits pertaining to prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.  The PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable."  Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).

Nonexhaustion under § 1997e(a) is an affirmative defense, and is properly brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  If the court concludes that the prisoner has not exhausted the jail's or prison's administrative process, the proper remedy is

2

1  dismissal without prejudice. Id.

2  B.	County Jail Procedures

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement. Cal. Code Regs. tit. 15, § 1073. Pursuant to Section 1073, the San Mateo County Maguire Correctional Facility ("MCF") has established a Prisoner Grievance System. (Hanlon Decl. ¶ 5, Ex. 1.) It is undisputed that the administrative remedies available to plaintiff and at issue here are those of the San Mateo County MCF.

The MCF Prisoner Grievance System requires an inmate to first attempt to resolve a grievance informally with a line staff member. (Id.) If the problem cannot be resolved on the staff level, the inmate must complete the top portion of the Inmate Grievance Form. (Hanlon Decl. ¶¶ 7-8, Ex. 1.) The form is given to a staff member who responds at the staff level in writing on the second portion of the form and signs it. (Id.) The form is then given to the staff member's supervisor, usually the Housing Sergeant on duty, who responds in writing on the third portion of the form and signs it. (Id.) The form is then given to the Watch Commander (a lieutenant), who reviews and responds on the last portion of the form and signs it. (Id.) The completed form is then returned to the inmate and a hard copy is kept by jail administration and filed in the facility administration's grievances file. (Id.)

If an inmate desires to appeal the Watch Commander's decision, he or she must write an appeal letter on plain or ruled white paper (not a grievance form) to the Corrections Division Captain, who will review the appeal letter and the grievance with the Watch Commander's response. (Id.) The appeal letter on plain or ruled white paper is sent in an envelope to the Corrections Division Captain at 330 Bradford Street. Paper and envelope are provided by staff upon an inmate's request. (Id.) The Corrections Division Captain must give a written response to the inmate within 15 business days of receipt of the letter. (Id.) A hard copy of the appeal letter and the response to the appeal are kept in the facility administration's grievance and appeal files, and a record of each appeal letter is also entered and maintained on an electronic list. (Id.) The appeal to the Corrections Division Captain is

3

the final level of appeal required by the MCF Prisoner Grievance System.  (Id.)

Plaintiff had constructive knowledge of the grievance procedures because a copy is posted in the center of each housing pod at MCF so that it is readily accessible to inmates. (Hanlon Decl. ¶ 8, Ex. 2.)  Furthermore, plaintiff had actual knowledge of the grievance procedures and exhaustion requirement because he submitted numerous grievances during his incarceration in 2013 as well as numerous grievances and appeals during prior incarcerations at the San Mateo County Jail.  (Hanlon Decl. ¶¶ 10, 14; Exs. 5, 6, 7.)  Finally, plaintiff had actual knowledge of the grievance procedures and exhaustion requirement due to his experience in filing previous civil suits in this court against San Mateo County sheriff's deputies.  See Rodgers v. Horsley, Case No. C 00-00996 (SBA) (PR) and Rodgers v. Horsley, Case No. C 07-00520 (SBA) (PR).  In fact, in Case No. C 07-00520 (SBA) (PR), this court informed plaintiff that he should present all claims he wished to bring in federal court to the jail's appeal process through to the Facility Commander's level of review before actually raising those claims in a Section 1983 action.  (March 31, 2010 Order in Case No. C 07-00520 (SBA) (PR) at 6-7, 15.)[1]

C.   Plaintiff's Grievances

Defendants have submitted evidence that the Corrections Division Captain for MCF never received an appeal of a grievance relating to plaintiff's Eighth Amendment claim regarding the alleged deprivation of hygiene supplies or laundry.  (See Hanlon Decl. ¶¶ 9, 13, Ex. 5.)  Plaintiff does not deny that he failed to submit an appeal to the Corrections Division Captain as required to exhaust administrative remedies.  He mounts two arguments in his opposition.

First, plaintiff contends that he has properly exhausted because "he has been given grievance forms and direction to use them for (1st and 2nd steps) final review grievances, and it has been accepted practice (for years)."  (Dkt. 45 at 4.)  Plaintiff submits various grievance

---

[1] It appears that at the time of the claims alleged in Case No. C 07-00520 (SBA) (PR), the San Mateo County Jail's Corrections Division Captain was referred to as "Facility Commander."  (See id.)

4

1  forms that pertained to hygiene supplies and that received a response from the Watch
2  Commander.  (See e.g., Dkt. 45 at 13, 14, 15, 17.)  Plaintiff provides no evidence, however,
3  that he was ever definitively informed by jail staff that the Watch Commander's level of
4  review was the final level of review for exhaustion purposes.  Plaintiff points to a
5  memorandum he received from Lieutenant Facility Commander Bill Bonifacio on October 3,
6  2013 in response to a letter that plaintiff sent directly to Sheriff Munks regarding his housing
7  in administrative segregation.  (Dkt. 42; Bonifacio Decl. ¶ 5, Exs. 1-2.)  The letter states:

> The Sheriff's Office is in receipt of your letter dated 9/22/13, in which you write about your current housing assignment of Administrative Segregation. Your letter follows a multitude of grievance forms you've submitted on this topic, forms which have been routinely reviewed and properly addressed by supervisory and management staff at the facility. The process of regular reviews of Administrative Housings will continue, as they have been.

(Dkt. 42 at 2.)  Contrary to plaintiff's assertion, nothing in the letter demonstrates that use of a grievance form for final appeals is an "accepted practice."   Furthermore, plaintiff's letter to the Sheriff was not directed to the Corrections Division Captain nor did it relate to plaintiff's grievances regarding alleged deprivation of hygiene supplies or laundry.  (Bonifacio Decl., Ex. 1.)  Consequently, it is not relevant to whether plaintiff exhausted his administrative remedies concerning his claims in this action.

Moreover, such an argument is inconsistent with the plain language of the MCF grievance procedure, which was posted in each pod at MCF.  (Hanlon Decl ¶ 6, Ex. 2.)  The procedure clearly states, in relevant part:

> Appeals:
>
> If an inmate is dissatisfied, he/she may appeal the Watch Commander's decision.  The appeal must be made within 10 business days of the Watch Commander's Response.  Appeal procedure is as follows:
>
> a) <u>The appeal shall be a letter written on plain/ruled white paper.</u>  Reference shall be made to which grievance is being appealed.  This is done by including the "written date" of the appealed grievance.  Grievance appeals shall contain a clear, concise statement explaining the basis for the appeal.  If needed, staff will provide paper and envelope for an appeal.
>
> b) The inmate will complete the appeal, place the appeal in an envelope, and forward it via jail staff / or U.S. mail to the Correction Division's Captain at 330 Bradford Street, Rwc. 94063.  If asked, the pod officer will make a copy of the appeal letter for the inmate to be returned prior to the end of shift.

5

> c) The Correction Division's Captain will give a written response or an approved response to the inmate within 15 business days of receipt, including the reasons if he/she denies the appeal.

(Id. (emphasis added).)

Plaintiff's argument also conflicts with the fact that he had prior experience with the grievance procedure, which he used to pursue many other claims at MCJ, including claims pursued through the final level of appeal. (Hanlon Decl. ¶¶ 10, 14; Exs. 5, 6, 7.) Plaintiff has previously demonstrated that he is familiar with the grievance and appeal procedure at MCF, and that he knows how to submit a grievance as well as how to appeal responses to grievances to the highest and final level. (See id.) Finally, plaintiff's argument conflicts with the fact that he is an experienced pro se litigant who, as mentioned above, had actual knowledge of the exhaustion requirement due to his experience in filing previous civil suits, in which this court directed him to present each and every claim he wished to bring in federal court to the jail's appeals process before filing his federal complaint. See Rodgers v. Horsley, Case No. C 00-00996 (SBA) (PR) and Rodgers v. Horsley, Case No. C 07-00520 (SBA) (PR). Indeed, plaintiff acknowledged in his original complaint in this action that he had proceeded only through the Lieutenant (Watch Commander) Level. (See Dkt. 1 at 2.)

Second, plaintiff contends that he properly exhausted because he "wrote/labeled 'Final Level' grievances to 'Facility Comndr.' and they were processed, always." (Dkt. 45 at 3.) Plaintiff appears to be referring to various grievance forms, in which he wrote "Final Response - to - Facility Cmndr." next to the portion of the form indicating "To: (Watch Commander)." (See e.g., Dkt. 45 at 13, 17.) However, the fact that plaintiff addressed his grievance forms to the Facility Commander does not cure his abandonment of these grievances at the Watch Commander's level. It is clear from the lower portions of these forms that they were processed as grievances, not appeals, and were responded to by the Watch Commander, not the Corrections Division Captain. (See id.) Pursuant to the MCF grievance procedure, the burden is on the inmate to appeal the Watch Commanders's decision to the Corrections Division Captain. (Hanlon Decl. Ex. 1 at 2; Ex. 2 at 1.) The appeal must be "a letter written on plain/ruled white paper" not on a grievance form. (Id.)

6

The Court finds unavailing plaintiff's argument that addressing the grievance form to "Facility Cmndr." should fully exhaust his claims.

The undisputed evidence clearly indicates that plaintiff did not properly exhaust his available administrative remedies, and he has not established grounds for excusing the PLRA's requirement that he do so. Accordingly, defendants are entitled to judgment based on plaintiff's failure to exhaust.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for failure to properly exhaust available administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a) is GRANTED and the action is DISMISSED without prejudice.

The Clerk shall enter judgment for defendants and close the file.

This order terminates Docket No. 35.

IT IS SO ORDERED.

DATED: January 7, 2014

Maria-Elena James
United States Magistrate Judge